# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA AYDA CORDOBA, | ) | 1:11cv0371 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Maria Ayda Cordoba ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on March 3, 2011.  She names Bank of America, Recontrust Company, Does I through X and ROE Corporations I through V, as Defendants.

## DISCUSSION

A.      Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief.  Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981).  A claim is legally frivolous when it lacks an arguable basis either in law or fact.  Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

1

1  B.   Plaintiff's Allegations

2       Plaintiff's allegations appear to challenge a pending foreclosure by Defendant Bank of

3  America.  According to the complaint, on or about December 6, 2010, Plaintiff executed a

4  Substitution of Trustee and Full Reconveyance, attempting to substitute "Alan-David: Tikal" as

5  trustee in place of Defendant Recontrust Company.  Complaint, ¶ 2 and Exhibit B.  On or about

6  December 9, 2010, Plaintiff executed a Short Form Deed of Trust and Assignment of Rents to

7  "Alan-David: Tikal, Trustee of the KATN Revocable Living Trust."  Complaint, ¶ 3 and Exhibit

8  C.

9       Although never stated in the complaint, it appears from attached exhibits that a Deed of

10 Trust may have been executed on February 27, 2009, and recorded on March 5, 2009, naming

11 Plaintiff as the trustor, Recontrust Company as the original trustee and Mortgage Electronic

12 Registration Systems, Inc., ("MERS") Acting Solely as Nominee for Countrywide KB Home

13 Loans, LLC, as the original beneficiary.  Apparently, "Alan-David: Tikal" attempted to substitute

14 the KATN Trust as the trustee in place of Recontrust Company.

15      Thereafter, "Alan-David: Tikal" allegedly sent the Short Form Deed of Trust and

16 Assignment of Rents, along with the purported substitution, to Defendants Bank of America and

17 Recontrust Company.  Plaintiff alleges that Defendants did not "honor the filings with a cease

18 and desist" and "went forward with calling, sending letters and otherwise harassing" Plaintiff.

19 Complaint, ¶ 5.

20      Plaintiff further alleges that Defendant Bank of America failed to provide full disclosure

21 pursuant to Federal Truth In Lending Act, 15 U.S.C. § 1601 et seq.  Plaintiff also is challenging

22 the validity of foreclosure by Defendant Bank of America and seeks declaratory and injunctive

23 relief.[1]

24

25      [1] It appears that Mr. Tikal was recently jailed in Las Vegas on a fugitive warrant and charged with 31 felony
26 counts, including real estate and mortgage securities fraud, grand theft and filing phony documents.  The indictments
arise out of his conduct in Alameda County, California.  Stanislaus County has also launched an investigative probe
into unnamed mortgage elimination scams.

27      Mr. Tikal and the KATN Trust are also named in two recent civil lawsuits filed in Stanislaus County
28 Superior Court by Wells Fargo Bank.  The suits relate to allegedly bogus home transactions in Modesto and Ceres,
California.  Wells Fargo Bank v. Leon, et al., Case No. 660603; Wells Fargo Bank v. Lopez, et al., Case No.

1   C.      Failure to Satisfy Federal Rule of Civil Procedure 8

2          As a threshold issue, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure

3   8.  Although the caption references multiple causes of action, the complaint fails to allege facts

4   sufficient to state a claim.  Rule 8 requires a plaintiff to "plead a short and plain statement of the

5   elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and

6   the elements of the prima facie case."  Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th

7   Cir. 2000).

8          A pleading may not simply allege a wrong has been committed and demand relief.  The

9   underlying requirement is that a pleading give "fair notice" of the claim being asserted and the

10  "grounds upon which it rests."  Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475,

11  1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil

12  Procedure, a complaint must give fair notice and state the elements of the claim plainly and

13  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff

14  must allege with at least some degree of particularity overt facts which defendant engaged in to

15  support plaintiff's claim.  Id. at 649.  A complaint does not suffice "if it tenders 'naked

16  assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

17  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  557 (2007).  The United States

18  Supreme Court has explained:

19              While, for most types of cases, the Federal Rules eliminated the cumbersome requirement
                that a claimant "set out *in detail* the facts upon which he bases his claim," Conley v.
20              Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2)
                still requires a "showing," rather than a blanket assertion, of entitlement to relief.
21              Without some factual allegation in the complaint, it is hard to see how a claimant could
                satisfy the requirement of providing not only "fair notice" of the nature of the claim, but
22              also "grounds" on which the claim rests.

23  Twombly, 550 U.S. at 556, n. 3.

24          The instant complaint is 5 pages in length and contains 7 numbered "relevant facts."

25  However, it omits the most essential facts, including Defendant Bank of America's relationship

26  to the underlying Deed of Trust.  While the complaint contains some facts and requested relief, it

27

28  660954.

does not contain any causes of action and provides little, if any, factual support for any alleged

wrongful acts.  The complaint therefore lacks specific, clearly defined facts or valid, cognizable

legal theories as to Defendant Bank of America.  In sum, the complaint fails to give Defendant

Bank of America fair notice of the claims against it.

D.    TILA

To the extent that Plaintiff attempts to assert a TILA cause of action, her complaint is

devoid of facts demonstrating that she has standing as a borrower under any loan.  TILA confers

a statutory "right of action only on a borrower in a suit against a borrower's creditor." Talley v.

Deutsche Bank Trust Co., 2008 WL 4606302, at *2 (D.N.J. Oct.15, 2008).  Plaintiff's complaint

is devoid of the barest factual allegations including an allegation that she was doing business

with any defendant or the identification of a borrower or creditor.  Moreover, Plaintiff's

complaint lacks the date of loan consummation or the dates of any other relevant occurrences to

determine whether her TILA claim is timely.  15 U.S.C. §§ 1640(e), 1635(f); 12 C.F.R. § 226.23.

Plaintiff will be given an opportunity to amend to comply with the requirements Rule 8

and to allege sufficient factual matter to state a claim for relief that is plausible on its face.

E.    Failure of Tender

Insofar as Plaintiff is attempting to enjoin a foreclosure sale, her complaint fails to allege

that she tendered the amount of the debt owed.  Under California law, a defaulted borrower is

"required to allege tender of the amount of [the lender's] secured indebtedness in order to

maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav.

Bank, 43 Cal.App.4th 1101, 1109 (1996); see also Lopez v. Chase Home Finance, LLC, 2009

WL 1120318, *6 (E.D. Cal. 2009) (stating that "to enjoin a foreclosure sale due to non-judicial

foreclosure defects, the [borrower] must in good faith tender amounts to cure the default");

Yazdapanah v. Sacramento Valley Mortgage Group, 2009 WL 4573381,*7 (N.D.Cal.2009)

(stating that "[w]hen a debtor is in default ..., and a foreclosure is either pending or has taken

place, the debtor must allege a credible tender of the amount of the secure debt to maintain any

cause of action").

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200 Cal.App.3d 1154, 1165 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Id.

Plaintiff's complaint does not reference her tender of indebtedness. Plaintiff will be given leave to amend her complaint to correct this defect to the extent she is able to do so.

F.    Quiet Title

Plaintiff seeks to quiet title. However, the complaint fails to allege the required elements for a quiet title claim.

California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include:

1. A legal description and street address of the subject real property;

2. The title of plaintiff as to which determination is sought and the basis of the title;

3. The adverse claims to the title of the plaintiff against which a determination is sought;

4. The date as of which the determination is sought; and

5. A prayer for the determination of the title of the plaintiff against the adverse claims.

Here, the complaint fails to establish "adverse claims" to Plaintiff's title, if any. A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt ." Lupertino v. Carbahal, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973). Plaintiff has not alleged that Defendant Bank of America has an interest in the property subject to a quiet title claim.

Moreover, a quiet title claim is doomed in the absence of Plaintiff's tender. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt

secured." Shimpones v. Stickney, 219 Cal. 637, 649, 28 P.2d 673 (1934); see Mix v. Sodd, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). With the complaint's absence of a meaningful ability or willingness to tender Plaintiff's indebtedness, she cannot maintain a quiet title claim.

G.    Substitution of Trustee

Plaintiff also fails to demonstrate proper substitution of a trustee.  In other words, Plaintiff has not alleged that the substitution of KATN (or "Alan-David: Tikal") was properly effectuated pursuant to the California Civil Code.  Under California Civil Code section 2934(a), a trustee under a trust deed upon real property may be substituted only by (1) all of the *beneficiaries* under the trust; or (2) the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property or of undivided interests in a note secured by real property equivalent to a series transaction.  Plaintiff's complaint is devoid of factual information regarding the circumstances of the purported substitution of trustee.

H.    Amendment

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **thirty (30) days** of the date of service of this order.  Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action.  It must contain a short and plain statement of her

claims and must clearly set forth the causes of action alleged against each Defendant.  If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.


IT IS SO ORDERED.

**Dated:**   **March 15, 2011**                        **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE